## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

    v.

Moses Lee Cuffee

            Case No. F-953-88

Commonwealth of Virginia

    v.

Cleve Williams, Jr.

            Case Nos. 873187F12 and 880845F03

            June 29, 1988

By JUDGE LYDIA CALVERT TAYLOR

Attorney for defendant, Cleve Williams, has requested that the rifle (or shotgun) used in connection with the above cases be returned to its owner, Mr. Williams, citing Section 4-56(h) of the Virginia Code.[1] Prosecuting attorney, on the other hand, citing the court to § 18.2-310 of the Virginia Code, asks the court to order the rifle forfeited to the Commonwealth, citing its "[use] by any person . . . in the commission of a criminal offense" and the "conviction of such person . . . so using the same . . ." bringing

---

[1] Although Section 18.2-310 does not reference the provisions of Section 4-56, other forfeiture statutes, e.g., Section 18.2-249, do state that Section 4-56 governs the forfeiture or for return of seized property.

this case squarely within the requirements of the statute of forfeiture.

The facts presented at the guilty plea entries by both defendants were as follows: Cuffee, after drinking heavily, went to his brother Williams' house in a fit of anger at one David Platt. Cuffee told Williams of his desire to harm Platt.

Although Williams claims he tried to talk Cuffee out of trying to harm Platt and alleges that Cuffee took Williams' rifle from Williams' room without his (Williams') permission, there was no evidence that Williams tried to stop Cuffee from getting the gun. Quite the contrary, Williams facilitated the encounter by driving Cuffee to where Platt was visiting in Williams' car and going up to the door to speak to Platt while Cuffee stood beside Williams' car, rifle in hand. After Williams finished talking to Platt, Cuffee shot through the curtained window of the door, hitting the victim in the leg on the stairway. Williams then drove Cuffee away from the scene, taking the rifle. Cuffee pleaded guilty to the felony of shooting into an occupied dwelling; Williams pleaded guilty to being an accessory after the fact to the same charge.

At the very least, Williams has admitted to assisting Cuffee in leaving the scene after a shooting with the weapon used in that shooting. At worst, [Williams] facilitated the shooting by letting his brother take his rifle, driving him to the scene knowing his intent to harm Platt, and bringing Platt to the door to talk, where Platt was in greater danger of harm.

Given the court's factual findings on these matters, Williams does not fall within the provisions of § 4-56(h), even if that section is applicable to a forfeiture under Section 18.2-310. Under § 4-56(h), a so-called "innocent owner," to recover his property, must be "ignorant of such illegal use." It is undisputed that Williams knew Cuffee wanted to harm Platt even before he accompanied Cuffee to find Platt. Additionally, for an "innocent owner" to fit within this provision, the "illegal use" must have been "without his connivance or consent, express or implied . .. . ." It is the opinion of this court that driving Cuffee to the place where Cuffee sought to find Platt, in order to harm him, constitutes, at the very least, implied consent by Williams for Cuffee to confront Platt

to do him harm. Thus, I find that Williams' rifle/shotgun should not be relieved from forfeiture and restored to its owner, and it is, instead, ordered forfeited to the Commonwealth pursuant to § 18.2-310.